IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ADAM GARCIA,                         §
TDCJ-CID NO. 533696,                 §
                                     §
            Petitioner,              §
                                     §
v.                                   §
                                     §        CIVIL ACTION NO. H-12-3405
RICK THALER, Director, Texas         §
Department of Criminal Justice,      §
Correctional Institutions            §
Division,                            §
                                     §
            Respondent.              §

## MEMORANDUM OPINION AND ORDER

Adam Garcia (TDCJ No. 533696), a state prison inmate incarcerated in the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a twenty-six-year-old state court conviction that imposed a four-year sentence and for which a state post-conviction application for a writ of habeas corpus is currently pending. For reasons explained more fully below, this action will be dismissed.

### I.  Procedural History and Garcia's Claims

Garcia is currently serving three sentences pursuant to a state court conviction for unauthorized use of a motor vehicle (99 years) and two convictions for indecency with a child (concurrent 45-year sentences). See TDCJ-CID Website, http://offender.tdcj.state.tx.us.

He previously filed a federal petition for a writ of habeas corpus challenging the conviction for unauthorized use of a vehicle, which was dismissed as untimely pursuant to 28 U.S.C. § 2244(d).  Garcia v. Cockrell, No. H-01-3574 (S.D. Tex. June 19, 2002).  The current habeas petition challenges a conviction for aggravated robbery [State v. Garcia, No. 4537940 (176th Dist. Ct., Harris County, Tex. July 11, 1986)].  Prison records indicate that the aggravated robbery sentence has expired, and Garcia is no longer incarcerated pursuant to that state court judgment.  TDCJ Website, http://offender.tdcj.state.tx.us.

Garcia admits in his petition that he did not file a direct appeal challenging the aggravated robbery conviction, and there is no state court record indicating that an appeal was filed.  Docket Entry No. 1, page 3; see also Harris County District Clerk Website, http://www.hcdistrictclerk.com.  He asserts that he filed a state application for a writ of habeas corpus with the Texas Court of Criminal Appeals on April 9, 2012, and that the application was denied on September 5, 2012.  Docket Entry No. 1, pages 3-4.

There is no entry in the records for the Texas Court of Criminal Appeals reflecting that there has been a ruling on a state habeas application filed by Garcia challenging the aggravated robbery conviction.  Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/.  However, there are six entries reflecting that state habeas applications challenging the unauthorized use of a motor vehicle conviction were filed.  Ex parte Garcia, Nos. WR-22,445-01, -02, -03, -04, -05, -06.  Id.

-2-

There are also two entries for state habeas applications challenging the state court convictions for indecency with a child. Ex parte Garcia, Nos. WR-22,445-07, -08. Id. The Harris County District Clerk's Office record for Cause No. 4537940 reflects that a post-conviction habeas corpus application challenging the aggravated robbery conviction was filed on April 9, 2012, and that the application was forwarded to the Court of Criminal Appeals on July 23, 2012. Harris County District Clerk Website, http:// www.hcdistrictclerk.com.

Garcia argues that he is being held in violation of the Constitution or laws of the United States because he was denied effective assistance of counsel at trial. Docket Entry No. 1, page 6. He alleges that his trial counsel was overburdened and failed to investigate the charge that Garcia had covered the complainant's head with a blanket or held a knife against the complainant's throat. Id. at 8. He also contends that his attorney failed to consult with him adequately or present motions for discovery. Docket Entry No. 1, page 8. He further argues that his plea was involuntary because his attorney failed to explain the case to him or investigate his background. Id. at 9-10. Garcia offers no explanation for the untimeliness of his petition even though the federal application form used by Garcia requests such information if the challenged conviction became final more than one year before the filing of the federal habeas petition. Docket Entry No. 1, page 14 (Question #26, "Timeliness of Petition").

-3-

## II.  **Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") requires that all federal habeas corpus petitions submitted after April 24, 1996, be filed within one year of the date that the challenged conviction becomes final.  28 U.S.C. § 2244(d); <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998), <u>citing</u> <u>Lindh v. Murphy</u>, 117 S.Ct. 2059, 2068 (1997).  Although the statute of limitations is an affirmative defense, district courts may raise the defense <u>sua sponte</u> and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." <u>Kiser v. Johnson</u>, 163 F.3d 326, 328 (5th Cir. 1999), <u>quoting</u> Rule 4 of the Rules Governing Cases Filed Under 28 U.S.C. § 2254.  A district court may dismiss a petition as untimely on its own initiative where it gives the petitioner fair notice and an opportunity to respond.  <u>See</u> <u>Day v. McDonough</u>, 126 S.Ct. 1675 (2006).  Garcia has failed to set forth any reason why he has failed to prosecute any post-conviction challenge for more than twenty-five years after his aggravated robbery conviction became final.  Further inquiry into why Garcia failed to file a timely challenge would serve no purpose in determining whether this habeas petition merits a response from the state.

In addition to being untimely, Garcia's petition has no basis because it concerns a sentence that was completed years ago. United States district courts only have jurisdiction to entertain

petitions for habeas relief over persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a); <u>Maleng v. Cook</u>, 109 S.Ct. 1923, 1925 (1989). A habeas petitioner must be in custody pursuant to the challenged judgment when he files his petition, and he does not remain in custody for an expired conviction merely because it may be used to enhance a sentence for a subsequent crime. <u>Id.</u> at 1925-26. This court has no jurisdiction over the petition for a writ of habeas corpus challenging the aggravated robbery conviction because the sentence has expired, and Garcia is not in custody for purposes of 28 U.S.C. § 2254. <u>See Pleasant v. State of Texas</u>, 134 F.3d 1256, 1258 (5th Cir. 1998). Moreover, Garcia did not file this habeas petition until more than twenty-five years after he was convicted of aggravated robbery and more than nine years after the most recent judgment date of the criminal convictions for which he is incarcerated. His dilatoriness bars his habeas challenge. <u>United States v. Clark</u>, 284 F.3d 563, 567 (5th Cir. 2002).

Apart from being untimely and meritless, it is also evident from the state court records that there is a state post-conviction proceeding regarding the aggravated robbery conviction that is still pending in the state courts. State courts must be given an opportunity to correct a constitutional violation before a petitioner can present his claim before the federal courts. <u>Picard v. Connor</u>, 92 S.Ct. 509, 512 (1971). Garcia admits that he

presented his state application for writ of habeas corpus in April of 2012, and the Harris County District Court records indicate that the application was transferred to the Court of Criminal Appeals on July 23, 2012.  This court finds that this habeas action must be dismissed for lack of jurisdiction because it is untimely, because it concerns a judgment for which the petitioner is no longer incarcerated, and because it concerns a proceeding that is still pending in the state courts.

Should Garcia file a notice of appeal, the court **DENIES** the issuance of a Certificate of Appealability for the reasons stated in this Memorandum Opinion and Order.  28 U.S.C. § 2253; <u>Murphy v. Johnson</u>, 110 F.3d 10, 11 (5th Cir. 1997).

### III.  <u>Conclusion</u>

1.   This Petition for a Writ of Habeas Corpus, filed by a person in state custody (Docket Entry No. 1), is **DISMISSED with prejudice.**

2.   A Certificate of Appealability is **DENIED.**

3.   The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 27th day of November, 2012.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-6-