```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | | |
|---|---|---|
| ADAM GARCIA,<br>TDCJ-CID NO. 533696,<br><br>             Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division,<br><br>             Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-12-3405 |

## MEMORANDUM OPINION AND ORDER

The habeas petition filed in this action challenging a 1986 state court judgment for aggravated robbery was dismissed for lack of jurisdiction because the conviction was more than 25 years old and because the petitioner had already served the sentence. The petitioner has filed a "Motion for Untimeliness Habeas Corpus of Petition 28 USC § 2254" (Docket Entry No. 8), which the court construes as a motion for relief from judgment. The motion will be denied for the reasons stated below.

After entering a plea of guilty in state district court, Garcia was convicted of aggravated robbery and sentenced to four years in 1986 [State v. Garcia, No. 453794 (176th Dist. Ct., Harris County, Tex. July 11, 1986)]. TDCJ records indicate that he is no longer incarcerated pursuant to the judgment because his

sentence has expired. Garcia admitted in his federal habeas petition that he filed no direct appeal challenging the conviction (Docket Entry No. 1, p. 3). He did not file a state application for a writ of habeas corpus challenging the conviction until April 9, 2012. The Texas Court of Criminal Appeals denied the application based on the findings of the trial court on September 5, 2012. Ex parte Garcia, No. 22,445-09.

In his pending motion Garcia contends that the doctrine of laches requires that the matter be returned to the trial court for resolution in a state habeas proceeding under Article 11.07 of the Texas Code of Criminal Procedure. See Docket Entry No. 8, pp. 2-3. Liberally construed, Garcia seeks equitable tolling of the AEDPA's one-year limitations period. 28 U.S.C. § 2244(d).

Garcia's conviction was final before the AEDPA's date of enactment, April 24, 1996. Therefore, he had until April 24, 1997, to file his § 2254 application. Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir. 1998). His state habeas application, filed nearly fifteen years after the expiration of the one-year limitations period, has no tolling effect. Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013), citing Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000), citing § 2244(d)(2).

To qualify for equitable tolling, Garcia must show that: (1) "he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented'

timely filing." Palacios, 723 F.3d at 604. Garcia presents no facts that show that he diligently pursued habeas relief or that extraordinary circumstances prevented him from timely filing. Therefore, he is not entitled to equitable tolling and the motion must be denied.

Also, the motion must be denied because Garcia fails to address the court's previous finding that he is no longer incarcerated pursuant to the 1986 conviction. A petitioner must be "in custody" to challenge a conviction in a habeas proceeding brought under § 2254, and the "in custody" requirement is not met if the sentence has been fully served. Maleng v. Cook, 109 S. Ct. 1923, 1926 (1989). The "in custody" requirement may be met if the conviction is used to enhance a subsequent judgment and sentence that the prisoner is presently serving. Godfrey v. Dretke, 396 F.3d 681, 684 (5th Cir. 2005), citing Maleng, at 1925. Garcia makes no such assertion.

The Motion for Untimeliness Habeas Corpus of Petition 28 USC § 2254 (Docket Entry No. 8) is **DENIED**.

**SIGNED** at Houston, Texas, on this 31st day of January, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE